### WILLIAM TURNAGE v. STATE OF MISSISSIPPI.

**New Trial — Immaterial Error.**

A verdict which is manifestly right will not be disturbed because an instruction given for the State is inaccurately drawn when an instruction given for the defendant correctly states the same proposition of law.[1]

**Instruction — Must be Based on Evidence.**

It is not error to refuse an instruction asked by a defendant when there is no evidence in the case on which to base it.[2]

Appellant, Turnage, was indicted in the Circuit Court of Lafayette county for murder. He was convicted of manslaughter and sentenced to the penitentiary for two years and appeals.

---

**1.**

All the charges must be construed together, both in civil and criminal cases; and if when so construed, the law be correctly expounded, the judgment will not be reversed, because one instruction taken by itself was too broad. Mask's Case, 36 Miss. 77; Evan's Case, 44 Miss. 762.

The giving of a bad instruction is no ground for setting aside a verdict, where it is clearly right on the law and the facts. Wiggins v. McGimpsey, 13 S. & M. 532; Head's Case, 44 Miss. 731; Evan's Case, 44 Miss. 762; Hanks v. Neal, 44 Miss. 212; M. & C. R. Co. v. Whitfield, 44 Miss. 466.

An improper qualification made by the court to an instruction asked is no ground for reversal, if the benefit of the rule of law claimed in the instruction be secured to the party asking it, by another instruction which is given, and

The court gave the following instruction for the State:

" 5. If the jury believe from the evidence that any witness in the case has sworn falsely, willfully, and corruptly to any material fact in the case, the jury are authorized to disregard the testimony of such witness altogether. For it is a well-established principle of law that a witness who has knowingly, intentionally, and corruptly sworn falsely to one fact in a case, is not worthy of belief as to any other fact to which he may have sworn in such case."

APPEALED from Circuit Court, Lafayette county, W. S. FEATHERSTONE, Judge.

Affirmed, January 21, 1884. Former judgment set aside, March 17, 1884.

*Attorneys for appellant, Sullivan & Sullivan.*

*Attorney for the State, T. C. Catchings, Attorney-General.*

which fully and fairly presents the rule to the consideration of the jury. Lamar *v.* Williams, 39 Miss. 342.

A new trial will not be granted for the misdirection of the judge, if the verdict be plainly and clearly right, according to the law and justice of the case, and if it would have been the duty of the judge to set the verdict aside, if found for the other party. Perry *v.* Clark, 5 How. 495.

Nor will a new trial be granted for erroneous charges where the verdict is plainly in accordance with the law and the evidence in the case. Brantley *v.* Carter, 4 Cush. 282; Cameron *v.* Watson, 40 Miss. 191; Holloway *v.* Armstrong, 30 Miss. 504; Corbin *v.* Cannon, 31 Miss. 570; Hanna *v.* Renfro, 32 Miss. 125; Simpson *v.* Bowdon, 1 Cush. 524; M. & C. R. Co., 44 Miss. 466.

Nor will a new trial be granted because the court erroneously left to the determination of the jury the construction of a written instrument, if it appear that the jury construed it correctly. Fore *v.* Williams, 35 Miss. 533.

Nor will it be granted because the court erroneously charged that certain evidence was conclusive, when it was only *prima facie*, if the point it was introduced to establish was fully proven by the other evidence in the case. Cartwright *v.* Carpenter, 7 How. 328.

Nor will it be granted in any case for error in giving or refusing a charge where the verdict is in accordance with the evidence, and the same proof should produce the same result on another trial. Simpson *v.* Bowdon, 1 Cush. 524.

Nor where the result on that trial should not have been changed by a proper charge. Pritchard *v.* Myers, 11 S. & M. 169; Hill *v.* Calvin, 4 How. 231; Wiggins *v.* McGimpsey, 13 S. & M. 532.

Brief of Sullivan & Sullivan:

This was a clear case of *murder* if the testimony for the State is *true*. On the other hand, it was justifiable homicide in self-defense, if the testimony for the defense is true. Therefore, the turning point in this case was the *credibility of the witnesses*, and upon this vital point the court fatally erred in charge No. 5 for State. Finley *v.* Hunt, 56 Miss. 221; Spivey *v.* State, 58 Miss. 858.

And this fifth charge is in direct conflict with the State's charge No. 3, and giving conflicting charges is error. Cunningham *v.* State, 56 Miss. 269–277; Hawthorne's Case, 58 Miss. 790.  *  *  *

The court erred in refusing defendant's fourth charge, stating as reason for such refusal that " there is no testimony in the case authorizing such charge." Yet charge for the State, No. 7, is such charge as necessitated the granting of defendant's counter-charge. Manifestly the court erred in refusing defendant's fourth charge.  *  *  *

An instruction for the State, erroneous when taken alone, because ignoring a defense relied on by accused, will not necessitate a reversal if defendant's instructions give him the full benefit of the defense, and all the instructions, if considered as a whole, correctly announce the law. Skates *v.* State, 64 Miss. 644, 1 So. 843; Nelson *v.* State, 61 Miss. 212.

Possession of stolen property must be recent to raise a presumption of guilt, but the omission in an instruction of the qualification that the possession must have been recent to raise the presumption, is cured by another instruction containing that qualification. Scarver *v.* State, 53 Miss. 407.

It is error to instruct the jury that they are the sole judges of the weight of the testimony and of the credibility of witnesses, and that they may, if they think proper, disregard the testimony of any witness, if for any reason they believe it to be untrue. Rylee *v.* State, 75 Miss. 352, 22 So. 890.

An error in giving a charge for the State, which is merely calculated to mislead or confuse the jury, is cured by full instructions on the subject given for defendant. Rodgers *v.* State, 21 So. 130.

An instruction for the State in a criminal case, which is defective in not requiring the jury to find certain facts beyond reasonable doubt, in order to convict, is cured by instructions given for defendant requiring such a degree of proof. Cook *v.* State, 28 So. 833.

The law having been clearly and accurately given in charges asked by defendant, mere indefiniteness and vagueness in the instructions of the court is not ground for reversal. Arbuckle *v.* State, 80 Miss. 15, 31 So. 437.

Where an abstract proposition of law is incorrectly announced by an instruction in a criminal case, and the same or similar propositions are there-

There were manifest errors in the instructions. Conceding the evidence for defendant to be true, the defendant was not guilty but innocent. This court will then reverse, because " in this class of cases we cannot hold that the jury were not misled by an erroneous charge if there is any possible view of the testimony which would warrant a verdict of acquittal. In other words, we could only affirm a verdict of conviction despite erroneous charges *where conceding all the testimony of defendant to be true* the verdict was, nevertheless, manifestly correct." Fortenberry *v.* State, 55 Miss. 409.

" It is at least doubtful whether the vice in the instructions for the State was effectually cured by the instructions for the accused. It is certain that error was committed against him. It is not certain that it was completely removed." Hawthorne *v.* State, 58 Miss. 790.

## Brief of T. C. Catchings, Attorney-General:

The fifth charge for the State is undoubtedly bad, in so far as it announces as a rule of law that a witness who testifies falsely in one particular is wholly unworthy of belief.

after correctly set forth in other instructions, then, if taking the instructions as a whole, the court can see that no harm has been done, the error will be regarded as cured; but if the court undertakes to make a concrete application of the law to the facts of the case, instructing the jury to bring in a stated verdict if they believe in the existence of such facts, and the facts stated will not legally sustain the verdict directed, such error cannot be cured by other instructions. Harper *v.* State, 85 Miss. 338, 35 So. 572.

### 2.

The court may refuse instruction when there is no evidence applicable to them; and it is not error to refuse a charge, correct in principle, unless the party asking it show the evidence to which it is applicable. Loring *v.* Willis, 4 How. 383; Miles *v.* Myers, Walk. 379; Newman *v.* Foster, 3 How. 383.

Instructions must be applicable to the evidence and pertinent to the questions raised by it, and if not, they should be refused, however correct they may be as abstract propositions of law; and if inapplicable and impertinent, the giving of them will be error. O'Reilly *v.* Hendricks, 2 S. & M. 388; Payne *v.* Green, 10 S. & M. 507; Wiggins *v.* McGimpsey, 13 S. & M. 532; Hyde *v.* Finley, 4 Cush. 468; Wright *v.* Clarke, 34 Miss. 116; Lombard *v.* Martin, 39 Miss. 147; Herndon *v.* Bryant, 39 Miss. 335; Dennis *v.* McLaurin, 31 Miss. 606; Fairly *v.* Fairly, 38 Miss. 280.

But if purely abstract, yet if immaterial, it will not be error, though incorrect. Garner *v.* Collins, 2 Walk. 518.

But the instructions for the defendant, and the third for the State, state the true rule fully and clearly, and I submit that the error was thereby cured.

It will be observed in this connection, that at the instance of the defendant the jury was expressly told that they must take all the instructions, those for the State and those for the defendant, and consider them as a whole. * * *

The fourth charge asked by defendants was based upon a state of facts which did not exist, and was, therefore, properly refused. It was in no sense explanatory of the seventh for the State as contended by counsel.

The testimony shows a most atrocious and unprovoked homicide, and the verdict should not be disturbed.

CHALMERS, J., delivered the opinion of the court.

We cannot think it likely that the jury could have been misled by the inapt phraseology of the fifth instruction for the State, in stating that it was a *legal* presumption rather than one of fact that a witness who knowingly testified falsely as to one material fact was thereby rendered unworthy of credit as to all his state-

The court should not charge the jury upon abstract principles of law, not applicable to the evidence. Myers v. Oglesby, 6 How. 46; Powell v. Mills, 37 Miss. 691; Jarnigan v. Fleming, 43 Miss. 710; Evans' Case, 44 Miss. 762.

It is error to give instructions where there is no evidence on which to base them. Hogan v. State, 46 Miss. 274; Co-operative Assn. v. McConnico, 53 Miss. 233; Kinnare v. Gregory, 55 Miss. 612.

Or where they are inapplicable to the facts. Adams v. Power, 48 Miss. 450; Phillips v. Cooper, 50 Miss. 722.

And this although they are correct in the abstract. Parker v. State, 55 Miss. 414; Bowman v. Roberts, 58 Miss. 126; Railroad Co. v. Minor, 69 Miss. 710, 11 So. 101.

The rule in this respect is the same in civil and criminal cases. Layton v. State, 56 Miss. 791; Collins v. State, 71 Miss. 691, 15 So. 42; Fortenberry v. State, 55 Miss. 403.

On a murder trial, where there is nothing suggesting a doubt of the defendant's soundness of mind, unless it be merely the enormity of the crime, it is proper to refuse instructions submitting to the jury questions as to his sanity. Singleton v. State, 71 Miss. 782, 16 So. 295.

An instruction setting forth an agreement of which there is no evidence is fatally erroneous. Wheeler v. State, 76 Miss. 265, 24 So. 310.

Instructions in a criminal case, as well as a civil one, should be refused if they be upon the weight of the evidence or if there be no evidence of which to predicate them. Tidwell v. State, 84 Miss. 475, 36 So. 393.

ments; since, by the sixth instruction for the defense, .they were distinctly informed that though they might believe that any witness had sworn falsely in some part of his testimony, they were not thereby compelled to disbelieve his entire testimony, but. might reject a part and believe the residue as they thought proper and right, looking to all the evidence in the case.

The fourth instruction asked for the defendant was properly refused, since no witness on either side testified to any state of fact which rendered it necessary to give it; and various instructions given for the defense fully submitted to the jury the alleged state of case presented on behalf of the defense.

*Affirmed.*